UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEVELOPERS SURETY & INDEMNITY CO., | ) ) ) | CASE NO. 1:06 CV 080 |
| Plaintiff, | ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| SKYWAY INDUSTRIAL PAINTING & CONTRACTING, INC., et al., | ) ) ) | MEMORANDUM OPINION AND ORDER |
| Defendants. | ) | |

This matter comes before the Court upon the Motion of Third Party Defendant Becdir Construction Company ("Becdir") to Dismiss Third Party Complaint due to Mandatory Arbitration. (ECF # 23). For the reasons stated below, the motion is GRANTED.

**Procedural Background**

Plaintiff, Developers Surety & Indemnity Co. ("Developers"), filed its Complaint on January 12, 2006 seeking contractual indemnification, common law indemnification, and exoneration from Defendant Skyway Industrial Painting & Contracting, Inc., et al. ("Skyway"). (ECF # 1). Developers claim that it issued two Performance Bonds in favor of Skyway as principal and Third Party Defendant Becdir as obligee, in consideration for and reliance upon the Indemnity Agreement between Developers and Skyway. Developers allege that Skyway is liable for the losses, costs, expenses, and attorney fees that resulted and will continue to result from the Performance Bonds that Developers issued. Skyway filed its Answer to the Complaint and a Third Party Complaint against Becdir on February 8, 2006. (ECF # 6). The Third Party Complaint alleges that Becdir made false claims against the Performance Bonds issued in order to collect from Developers, and is therefore liable to indemnify Skyway if it has to pay

Developers. Additionally, Skyway alleges that Becdir breached the Subcontract Agreement by not paying Skyway for its services, and that Becdir was unjustly enriched by Skyway's services. Becdir filed its Motion to Dismiss Third Party Complaint due to Mandatory Arbitration on June 2, 2006, arguing that the Subcontract Agreement dictates that any disputes between Becdir and Skyway should be resolved by binding arbitration. Skyway has filed its Memorandum in Opposition to Becdir's Motion to Dismiss (ECF # 28) and Becdir has filed a Reply Memorandum. (ECF # 30) The Motion is now ready for decision.

## Discussion

This action arises from a construction project gone awry. Becdir hired Skyway as a subcontractor on an Ohio Department of Transportation ("ODOT") bridge project. The Subcontract Agreement between Becdir and Skyway, dated January 15, 2004, required Skyway to perform the surface preparation, painting, treating and sealing for an ODOT bridge construction project in Lucas County, Ohio. The Subcontract Agreement required Skyway, as subcontractor, to provide a performance bond. Skyway provided the required bond, issued by Developers, which expressly referenced the construction contract between Becdir and Skyway and incorporated the Subcontract Agreement by reference. During the course of the construction project, Becdir asserted that Skyway's work was defective resulting in ODOT charging Becdir liquidated damages. Becdir's claim under the Performance bond was honored by Developers. Developers now pursues Skyway in the action currently before the Court. In the Third Party Complaint Skyway hopes to pass on any liability to Becdir.

Becdir asserts that all three claims in the Third Party Complaint, indemnification, breach of the Subcontract Agreement and unjust enrichment, are subject to binding arbitration. Paragraph 15 on page 2 of the Subcontract Agreement between Skyway and Becdir states as

follows: "Any dispute, controversy or claim arising out of or related to this contract shall be settled by binding arbitration held in Youngstown, Ohio in accordance with the rules of the American Arbitration Association under its construction industry arbitration rules." Skyway argues that its claims against Becdir arise from the performance bond, not the Subcontract Agreement and thus the arbitration provision of the Subcontract Agreement is inapplicable. Further, Skyway argues that its unjust enrichment claim is a "quasi-contractual" claim not based on the Subcontract Agreement.

Skyway's arguments are without merit. The arbitration clause in the Subcontract Agreement is broad. The Subcontract Agreement was incorporated into the performance bond at issue here. Whether Developers was correct in honoring the bond and paying Becdir's claim will revolve around whether Skyway performed its job in accordance with the Subcontract Agreement. Moreover, it is especially ludicrous to argue that a claim that Becdir breached the Subcontract Agreement does not arise out of or is related to the Subcontract Agreement. Finally, the unjust enrichment claim is tied up with the Subcontract Agreement–basically, that Becdir was enriched by both Skyway's performance under the Subcontract Agreement and Developers payment of its claim under the performance bond.

The Sixth Circuit has recently reaffirmed the position that "any doubts regarding arbitrability must be resolved in favor of arbitration." *Glazer v. Lehman Bros.* 394 F.3d 444, 450 (6th Cir. 2005). In this case there are no doubts. The claims asserted by Skyway in the Third Party Complaint are covered by the arbitration provision in the Subcontract Agreement.

## Conclusion

For the reasons set forth above, the Motion to Dismiss Third Party Complaint due to Mandatory Arbitration (ECF #23) is GRANTED and the Third Party Complaint is DISMISSED

WITHOUT PREJUDICE. To the extent that any issues remain following arbitration, Plaintiff may re-file its Third Party Complaint with respect to those remaining issues at the conclusion of the arbitration without paying any additional filing fees.

    IT IS SO ORDERED.

                                                /s/ Donald C. Nugent
                                                DONALD C. NUGENT
                                                United States District Judge

DATED: August 31, 2006