IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEVELOPERS SURETY & INDEMNITY COMPANY, ) | |
| ) | CASE NO.: 1:06 CV 80 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| SKYWAY INDUSTRIAL PAINTING & USA, INC., et al., ) | MEMORANDUM OPINION AND ORDER |
| Defendants. ) | |

This case is currently before the Court on Plaintiff, Developers Surety & Indemnity Company's ("Developers") Motion For Summary Judgment against Defendants Skyway Industrial Painting & Contracting Inc. ("Skyway"), George Kafas and Emmanuel Kafas. (ECF #48).  None of the Defendants have responded to this Motion.  After considering all of the arguments and all applicable law, Defendants Motion for Summary Judgment is GRANTED and Judgment is entered against Skyway, George Kafas and Emmanuel Kafas in the amount of $100,934.16 plus interest.  Each of these defendants is liable for this Judgment jointly and severally with each other indemnitor against whom judgment is rendered in this action.

**FACTUAL AND LEGAL OVERVIEW**

According to the Complaint, on or about May 23, 2002, Skyway, George Kafas and Emmanuel Kafas (among others) executed and delivered to Developers an Agreement of Indemnity which required them to indemnify Developers and hold it harmless for "any and all liability, loss, claims, demands, costs, damages, attorneys' fees and expenses of whatever kind or nature, together with interest thereon at the maximum rate allowed by law, which [Developers] may sustain or incur by reason of or in consequence of the execution and delivery by [Developers] of any Bond on behalf of [Skyway]."  The Indemnity Agreement is attached to the Complaint and it shows the signatures of each of the above named Defendants.

Developers submitted the Affidavit of Mitchell T. Petras setting forth the following additional facts.  In reliance on the promise of indemnity, Developers issued Subcontractor Performance Bond #528517-P ("Lucas County Bond") in favor of Skyway as Principal, and Becdir Construction Co., as Obligee, in connection with the construction project known as "Bridge Painting and Concrete Sealing – ODOT 59103 – Lucas County. ("Lucas Project"). Becdir subsequently declared Skyway to be in default of its subcontract and called upon Developers, under the terms of the Lucas County Bond, to complete Skyway's subcontract. Developers investigated Becdir's claim and determined that it was obligated under the terms of the Lucas County Bond to pay Becdir the entire penal sum of the bond.   Developers paid Becdir $80,442.00 in complete satisfaction of its obligations under the Bond, and paid Skyway's subcontractor Poseidon Environmental $700.00 under the terms of the Bond.

Developers also issued Subcontract Performance Bond #528343-P ("Harrison County Bond") in favor in favor of Skyway as Principal, and Becdir Construction Co., as Obligee,  in

connection with the construction project known as "ODOT 49303 – Bridge Painting – Harrison County" ("Harrison Project"), and Becdir again made claim against Skyway, this time for unpaid labor and/or materials. Developers investigated this claim and found that it was obligated to make payment on Skyways behalf. Developers paid Skyway's subcontractor Poseidon Environmental $1095.00, and paid Doug Ellenbach and Becdir Construction Co. $1,081.80 under the terms of the Harrison County Bond.

In total, Developers has paid out $83,318.80 under the surety bonds indemnified by Mr. Kafas. Further, Developers has spent $17,615.36 in attorneys fees and costs associated with the filing and prosecution of this lawsuit.

Developers brought suit against the indemnitors, including Skyway, George Kafas and Emmanuel Kafas ("the Defendants") in January of 2006. (ECF #1). These Defendants were properly served and they filed an Answer to the Complaint in which they admitted that "Defendants Skyway, George Kafas, Emmanuel Kafas, and John Kafas executed and delivered to Developers the Indemnity Agreement attached as Exhibit A to the Complaint" and stated that "the document speaks for itself." (ECF #6).

## **LEGAL STANDARD**

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions

-3-

>of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. Tolton v. American Biodyne, Inc., 48 F.3d 937, 941 (6th Cir. 1995) (citing Celotex, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Copeland v. Machulis, 57 F.3d 476, 479 (6th Cir. 1995) (citing Anderson, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. Anderson, 477 U.S. at 249-50 (citations omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." Id. at 252. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the non-

mover. The non-moving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." Cox v. Kentucky Dep't of Transp., 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. Id.

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 250.

## **ANALYSIS**

Developers made a motion for summary judgment and supported by affidavit as provided in Fed. R. Civ. P. 56. The Defendants made admissions to some of the allegations in the Complaint, and failed to provide any response, by affidavit or otherwise, setting forth facts showing that there is a genuine issue for trial. As provided in the Federal Rules, the penalty for the lack of such response by the nonmoving party is an automatic grant of summary judgment, where otherwise appropriate. Cox v. Kentucky Dep't of Transp., 53 F.3d 146, 149 (6th Cir. 1995). In this case a grant of summary judgment is clearly appropriate.

This case involves the construction of an indemnity contract which was admittedly executed by the Defendants. The Indemnity Agreement in this case is clear and unambiguous;

the Indemnitors are contractually bound to indemnify and hold Developers harmless for all losses and expenses incurred by reason of the execution or procurement of any Bond issued by Developers on behalf of Skyway, by reason of the Indemnitors' failure to perform their obligations under the Indemnity Agreement, and/or in enforcing the covenants of the Indemnity Agreement. The Agreement further gives Developers the sole discretion to determine whether to pay or compromise any claim asserted against a Bond issued by Developers on behalf of Skyway. In addition, the Agreement specifically states that in executing the agreement the Indemnitors agreed to be bound jointly and severally.

Developers has offered evidence to show that Skyway defaulted under the terms of two separate bonds which were issued in reliance on the indemnity agreement. Developers has also offered evidence to show that they have incurred losses of $100,934.16 as a result of these defaults and the enforcement of the indemnity agreement. The Defendants have offered absolutely no evidence or argument to contradict these claims. Therefore, as a matter of law, there is no genuine issue of material fact and there is no need for a trial on these issues. Developers is entitled to recover the losses it incurred under the Indemnity Agreement.

## **CONCLUSION**

For all of the reasons stated above, the Defendants' Motion for Summary Judgment against Skyway, George Kafas and Emmanuel Kafas is hereby GRANTED. (ECF #48). Judgment is entered in favor of Plaintiff Developers Surety & Indemnity Company and jointly and severally against Defendants Skyway, George Kafas and Emmanuel Kafas in the amount of $100,934.16 plus interest. These Defendants are liable for this Judgment jointly and severally

with each other Indemnitor against whom judgment is rendered in this action.

                                                 S/Donald C. Nugent
                                                 Donald C. Nugent
                                                 United States District Judge

Date:    June 22, 2007