IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEVELOPERS SURETY & INDEMNITY COMPANY, | ) ) ) | CASE NO.: 1:06 CV 80 |
| Plaintiff, | ) ) | |
| v. | ) ) | JUDGE DONALD C. NUGENT |
| SKYWAY INDUSTRIAL PAINTING & CONTRACTING, INC., et al., | ) ) ) ) | MEMORANDUM OPINION AND ORDER |
| Defendants. | ) | |

This case is currently before the Court on Plaintiff, Developers Surety & Indemnity Company's ("Developers") Motion For Default Judgment against Sophia Ermidis, pursuant to Rule 55 and Rule 37 of the Federal Rules of Civil Procedure. (ECF #47). Ms. Ermidis has not responded to the Motion. After considering all of the arguments and all applicable law, Defendants Motion for Default is GRANTED and Judgment is entered against Ms. Ermidis in the amount of $100,934.16 plus interest. Ms. Ermidis is liable for this Judgment jointly and severally with each other indemnitor against whom judgment is rendered in this action.
.

**FACTUAL AND LEGAL OVERVIEW**

According to the Complaint, on or about May 23, 2002, Mr. John Kafas executed and delivered to Developers an Agreement of Indemnity which required her to indemnify Developers and hold it harmless for "any and all liability, loss, claims, demands, costs, damages, attorneys' fees and expenses of whatever kind or nature, together with interest thereon at the maximum rate allowed by law, which [Developers] may sustain or incur by reason of or in consequence of the execution and delivery by [Developers] of any Bond on behalf of [Skyway]."

Developers submitted the Affidavit of Mitchell T. Petras setting forth the following additional facts. In reliance on the promise of indemnity, Developers issued Subcontractor Performance Bond #528517-P ("Lucas County Bond") in favor of Skyway as Principal, and Becdir Construction Co., as Obligee, in connection with the construction project known as "Bridge Painting and Concrete Sealing – ODOT 59103 – Lucas County. ("Lucas Project"). Becdir subsequently declared Skyway to be in default of its subcontract and called upon Developers, under the terms of the Lucas County Bond, to complete Skyway's subcontract. Developers investigated Becdir's claim and determined that it was obligated under the terms of the Lucas County Bond to pay Becdir the entire penal sum of the bond. Developers paid Becdir $80,442.00 in complete satisfaction of its obligations under the Bond, and paid Skyway's subcontractor Poseidon Environmental $700.00 under the terms of the Bond.

Developers also issued Subcontract Performance Bond #528343-P ("Harrison County Bond") in favor in favor of Skyway as Principal, and Becdir Construction Co., as Obligee, in connection with the construction project known as "ODOT 49303 – Bridge Painting – Harrison County" ("Harrison Project"), and Becdir again made claim against Skyway, this time for unpaid labor and/or materials. Developers investigated this claim and found that it was obligated

-2-

to make payment on Skyways behalf. Developers paid Skyway's subcontractor Poseidon Environmental $1095.00, and paid Doug Ellenbach and Becdir Construction Co. $1,081.80 under the terms of the Harrison County Bond.

In total, Developers has paid out $83,318.80 under the surety bonds indemnified by Ms. Ermidis. Further, Developers has spent $17,615.36 in attorneys fees and costs associated with the filing and prosecution of this lawsuit.

Developers brought suit against the indemnitors, including Ms. Ermidis in January of 2006. (ECF #1). Ms. Ermidis was properly served and she filed an Answer to the Complaint. (ECF #6). The Court set a discovery deadline of December 1, 2006. (ECF # 22). Ms. Ermidis was subsequently noticed for deposition to be taken on October 30, 2006. The depositions were rescheduled for November 15, 2006 at the Defendants' request. Ms. Ermidis again failed to appear at her scheduled deposition. Because it was unable to complete these depositions, Plaintiff filed a motion to extend the discovery deadline and to compel Ms. Ermidis' appearance at deposition. This Court denied the motion to extend the discovery deadline, but ordered Ms. Ermidis to appear for deposition before the December 1st cut-off. (ECF #36). Ms. Ermidis again failed to appear for deposition and offered no explanation or excuse for this violation of this Court's Order. The Motion for Default Judgment was filed on April 9, 2007, and Ms. Ermidis has made no attempt to respond, or to otherwise defend the allegations in the Complaint despite notice and being aware of the requirement to defend or subject herself to judgment.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 37(b)(2)(C) and (d) provides that the Court may render a default judgment against a party who fails to appear for deposition after being served with a proper notice.  *See also, Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067 (6th Cir. 1990). The Sixth Circuit has outlined several factors to be considered in determining whether dismissal is an appropriate sanction for such discovery abuses.  *Id.*  at 1073.   These factors include, "whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery, whether the dismissed party was warned that the failure to cooperate could lead to dismissal, and whether less drastic sanctions were imposed or considered before dismissal was ordered."  *Id.* These same factors apply equally to parties against whom a default judgment is entered as sanctions.  This Court recently held in *Exact Software v. North America, Inc. v. Infocon, Inc.*, 2006 U.S. Dist. LEXIS 87837, 43 (N.D. Ohio, Western Division, December 5, 2006) that an examination of binding Sixth Circuit precedent leads to the conclusion that while severe, default judgment as a sanction for discovery abuses is appropriate when it is willful or when it rests in bad faith or fault."

## **ANALYSIS**

Ms. Ermidis twice failed to appear for her own depositions.  The depositions were properly noticed, and the second was established pursuant to this Court's direct order that Ms. Ermidis attend before December 1, 2006.  Ms. Ermidis was represented by counsel at the time and therefore, presumably had full knowledge of both the deposition notices and the Court's Order compelling her attendance.  Ms. Ermidis offered neither an excuse nor an explanation for her failure to attend the scheduled depositions or for her failure to comply with the Court's

subsequent Order compelling her attendance.  Further, Ms. Ermidis has made no further effort to defend herself in this action since her failure to attend the depositions.  Developers is clearly prejudiced by Ms. Ermidis' failure to attend her depositions.  The Discovery period has ended and the Court has denied Developers Motion seeking to extend that discovery deadline.

Although the Court has not specifically issued a show cause order to Ms. Ermidis spelling out its intention to grant a default judgment against her for these discovery abuses, she had notice of the Motion for Default, and has made absolutely no attempt whatsoever to respond in any way.  Based on Ms. Ermidis' utter failure to further participate in this litigation, this Court finds that the issuance of a show cause order would be futile, would unnecessarily prolong the resolution of this issue, and would result in additional costs that would ultimately be born by Ms. Ermidis under the terms of the indemnity agreement.  Ms. Ermidis had clear notice of the possibility that a default judgment would be entered against her based on the Motion filed by Developers.

Finally, it seems that there are no less drastic sanctions that would eliminate the prejudice to the Plaintiff or otherwise ensure Ms. Ermidis' would comply with her responsibilities in discovery.  Ms. Ermidis has utterly disregarded this Court's prior order and has apparently abandoned any attempt to address the issues raised in this lawsuit.  As such this Court finds that there is no less severe sanction that would be appropriate under the circumstances.

## **CONCLUSION**

For all of the reasons stated above, the Defendants' Motion for Default Judgment against Mr. John Kafas is hereby GRANTED.  (ECF #47). Judgment is entered in favor of Plaintiff Developers Surety & Indemnity Company and against Defendant Sophia Ermidis in the amount of $100,934.16 plus interest.

                                                S/Donald C. Nugent  
                                                Donald C. Nugent  
                                                United States District Judge

Date:   June 22, 2007